## Abstract of the Decision.

1.   CRIMINAL LAW, § 626*—*when inability to pay fine is no ground for discharge from prison.* Paragraph 455 of the Criminal Code (J. & A. ¶ 4155), requiring that whenever it is apparent to the court that any person confined in jail for any fine or costs has no estate wherewith to pay the same it shall be the duty of the court to discharge such person from further imprisonment, does not apply where the judgment requires the defendant to work out a fine.

2.   CRIMINAL LAW, § 626*—*when petition for discharge from imprisonment is properly denied.* Where a woman was convicted of selling intoxicating liquor in anti-saloon territory and sentenced to the county jail for thirty days and to pay a fine of $200 and costs, and in case of failure to pay such fine and costs to work out the fine at $1.50 a day, a petition filed by her after serving the thirty days, praying that she be released from further imprisonment on the ground of physical weakness and diseased condition, *held* properly denied.

---

# E. Grant Weir, Appellant, v. Cran Crandall, Appellee.

## (Not to be reported in full.)

Appeal from the Circuit Court of Clark county; the Hon. WALTER BREWER, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed October 13, 1916.

## Statement of the Case.

Action by E. Grant Weir, plaintiff, against Cran Crandall, defendant, to recover for the value of plaintiff's dog alleged to have been killed by the defendant. From a judgment in favor of defendant, plaintiff appeals.

EVERETT CONNELLY, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

GRAHAM & SNAVELY, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

ANIMALS, § 43*—*when evidence in action for killing dog supports judgment for defendant.* In an action for value of a dog belonging to the plaintiff alleged to have been killed by the defendant, a judgment for defendant *held* supported by the weight of the evidence.

---

### India Smith, Defendant in Error, v. John B. Norris, Plaintiff in Error.

#### (Not to be reported in full.)

Error to the Circuit Court of Macon county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding. Heard in this court at the April term, 1916. Reversed. Opinion filed October 13, 1916. Rehearing denied December 2, 1916.

#### Statement of the Case.

Action in assumpsit by India Smith, plaintiff, against John B. Norris, defendant, on a promissory note for $400. To review a judgment for plaintiff for $442.22, defendant prosecutes a writ of error.

The defendant had leased one Wiley Smith, husband of the plaintiff, a ranch which was to be farmed by Wiley Smith and the profits, after certain reimbursements made to the defendant, to be shared by the parties.

The declaration comprised three counts: The first alleged that the defendant on the 31st day of October,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.